UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECA NOHEMI MOLLETON RAMIREZ,

Petitioner,

v. Case No. 3:26-cv-2873-MMH-LLL

RICK STALY, WARDEN OF FLAGLER COUNTY JAIL, et al.,

Respondents.

---

**ORDER**

Petitioner Rebeca Nohemi Molleton Ramirez, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § [sic] 2241 (Doc. 1; Petition) on October 21, 2026. See generally Petition. Molleton Ramirez, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on June 17, 2024. Id. at 2, 4. She subsequently filed an application for asylum, which still appears to be pending. See id. at 5. On June 1, 2026, Molleton Ramirez was arrested. Record of Deportable/Inadmissible Alien (Doc. 6-2) at 2. That day, United States Immigration and Customs Enforcement (ICE) lodged an immigration detainer. Id. On October 8, 2026, the State of Florida entered a nolle prosequi in Molleton Ramirez's criminal case, Circuit Court Disposition

Order in and for Broward County, Florida (Doc. 1-6) at 1, and she was transferred into ICE custody the following day, Detention History (Doc. 6-6) at 1. As relief, she seeks, inter alia, a bond hearing or release from custody. Petition at 12.

Molleton Ramirez argues that her continued detention violates the Immigration and Nationality Act. Id. at 8–9. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Molleton Ramirez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Molleton Ramirez was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Molleton Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § [sic] 2241 (Doc. 1) is **GRANTED** as to her claim that her

detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Molleton Ramirez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her.[2] If Respondents release Molleton Ramirez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] Because the Court finds that Molleton Ramirez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Molleton Ramirez is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

lc36
c:
Counsel of Record